# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DRAKEN GROUP, INC., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>AVONDALE RESOURCES, INC., )<br>)<br>Defendant. )<br>)<br>)<br>)<br>) | Case No. 06-CV-595-SAJ |

## OPINION & ORDER

Now before the Court is Defendant's Motion to Quash Subpoena Duces Tecum; Objection to Subpoena [Docket No. 47], Plaintiff's Motion for Leave to Depose Robert B. Boeckman [Docket No. 51], Defendant's Motion to Limit Discovery Inquiry [Docket No. 53], and Defendant's Motion to Extend Discovery Deadline [Docket No. 56]. Upon consideration of the arguments raised by counsel through their submissions and at the hearing, the Court finds as follows:

### I.  MOTION TO QUASH SUBPOENA DUCES TECUM

The Motion to Quash Subpoena Duces Tecum is denied. The Court finds a limited waiver of the attorney-client privilege to the extent that Defendant is offering Mark Robertson's testimony regarding his involvement in the creation of Avondale, the creation of the November 15, 2005, contractual agreement between Plaintiff and Defendant, or his testimony regarding the same by any other party—including Robert B. Boeckman. The limited waiver of Defendant's attorney-client privilege arises based on the following facts.

First, Mr. Robertson was listed by Defendant in its Rule 26(a)(1) Initial Disclosures as "possessing personal knowledge pertaining to the acquisitions at issue and facts to refute Plaintiff's allegation that it is entitled to compensation pursuant to the Agreement." [Docket No. 50, Exhibit 8, page 3, ¶ 10]. Mr. Robertson is incorporated by reference in Defendant's final witness list. [Docket No. 50, Exhibit 9, page 2, ¶ 6].

Second, Mr. Robertson is mentioned by the Defendant as a "critical" witness in support of Defendant's affirmative defenses and its motion to transfer the case to Oklahoma. [Docket No. 50, Exhibit 6]. The Court finds it to be inappropriate that Mr. Robertson would be used as a sword by Defendant in getting the case moved to Oklahoma, and then as a shield in the Northern District of Oklahoma proceedings.

Third, Mr. Robertson issued an opinion letter publicly representing that Mr. Boeckman is not a control person of Defendant, Avondale Resources Corporation. [Docket No. 50, Exhibit 13, page 54].

In light of the foregoing, the Court finds that Defendant has waived its attorney-client privilege under the *Hearn* test with regard to items d, e, f, and g listed on Plaintiff's subpoena duces tecum, and anything related to those four list items. [Docket No. 50, Exhibit 2]; *see State of Oklahoma, ex rel. Edmondson v. Tyson Foods, Inc.* 2007 WL 54831, *3 (N.D. Okla. 2007). Therefore, Defendant is ordered to produce documents relating to items d, e, f, and g under the subpoena duces tecum.

In regard to items a, b, and c listed on Plaintiff's subpoena duces tecum, the Court finds the privilege log inadequate under our local rules. Defendant is ordered to submit a new privilege log as mandated pursuant to the local rules of the Northern District of Oklahoma, LCvR26.4(a). When asserting the privilege with respect to the withheld

documents in response to a discovery request, Defendant must

> provide the following information with respect to each document in the form of a privilege log: the type of document; the general subject matter of the document; the date of the document; the author of the document; whether or not the author is a lawyer; each recipient of the document; and the privilege asserted.

LCvR26.4(a). Defendant's updated privilege log must be submitted within 10 days of this order. Furthermore, the Court directs Defendant to deliver the withheld documents along with the privilege log to the Court for in camera review. The Court will review the documents to determine if additional documents fall within the above described limited waiver.

### II.  MOTION FOR LEAVE TO DEPOSE ROBERT B. BOECKMAN

The Motion for Leave to Depose Robert B. Boeckman is granted.

### III.  MOTION TO LIMIT DISCOVERY INQUIRY

The Motion to Limit Discovery Inquiry is denied. The Court has review the limits requested and denies the request in full. The Court finds that no one has invoked any basis for limiting discovery, including any 5th Amendment concerns.

### IV.  MOTION TO EXTEND DISCOVERY DEADLINE

The Motion to Extend Discovery Deadline is granted. The discovery cutoff is hereby extended to June 15, 2007. The dispositive motion deadline is hereby extended to July 2, 2007. All other dates contained in the amended scheduling order [Docket No. 42] remain unchanged.

IT IS THEREFORE ORDERED that Defendant's Motion to Quash Subpoena Duces Tecum; Objection to Subpoena [Docket No. 47] is hereby denied, Plaintiff's Motion for

Leave to Depose Robert B. Boeckman [Docket No. 51] is hereby granted, Defendant's Motion to Limit Discovery Inquiry [Docket No. 53] is hereby denied, and Defendant's Motion to Extend Discovery Deadline [Docket No. 56] is hereby granted.

DONE THIS 16TH DAY OF MAY, 2007.

Sam A. Joyner
United States Magistrate Judge