# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DRAKEN GROUP, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 06-CV-595-SAJ |
| ) | |
| AVONDALE RESOURCES, INC., ) | |
| ) | |
| Defendant. ) | |

**OPINION & ORDER**

Now before the Court is Plaintiff's Motion to Compel Deposition Testimony From Prisoner Robert Brian Boeckman ("Boeckman") [Docket No. 62]. Upon consideration of the arguments raised by counsel through their submissions and at the hearing, the Court grants Plaintiff's motion to compel for the reasons stated herein.

On May 16, 2007, this Court issued an order granting Plaintiff's motion for leave to take Boeckman's deposition. [Docket No. 61]. On May 30, 2007, the video deposition of Boeckman was taken on behalf of Plaintiff. During this deposition, Boeckman—a non-party to this action—invoked his Fifth Amendment privilege on every question other than questions seeking his name and current address. Boeckman is currently in the custody of the Tulsa County Sheriff at the David L. Moss Center awaiting trial on charges of first degree murder and assault. The charges for which he is currently incarcerated are unrelated to the case at bar. The Court must determine whether Boeckman was entitled to assert the Fifth Amendment privilege during the aforementioned deposition.

To validly assert a Fifth Amendment privilege against self-incrimination, this Court has previously held that the holder of that privilege must "demonstrate that he is confronted with a substantial and real, and not merely a trifling, remote or imaginary risk of incrimination." *United States v. Nipper*, 210 F.Supp.2d 1259, 1260 (N.D. Okla. 2002) (referring to holdings contained in: *United States v. Apfelbaum*, 445 U.S. 115, 128 (1980); *California v. Byers*, 402 U.S. 424, 429 (1971); *Zicarelly v. New Jersey*, 406 U.S. 472, 478 (1972); *United States v. Schmidt*, 816 F.2d 1477, 1481 (10th Cir. 1987)). Here, counsel for Boeckman contends that three documents in evidence demonstrate a substantial and real risk of criminal prosecution. The Court disagrees.

The first document is a letter dated January 27, 2007, from Tom McCord to Boeckman. [Docket No. 74, Exhibit Boeckman 1]. The letter discusses the transfer of 3,950,000 shares of restricted stock to Boeckman's wife, Melody O. Boeckman, who was neither the beneficial owner nor the holder of the stock certificate. With regard to that transfer, Mr. McCord states "it is my opinion that you may be in violation of federal security laws due to your sworn affadavit and should be considered an Affiliate of the Company and/or a Control person." [Docket No. 74, Exhibit Boeckman 1].

The second document is a letter dated March 29, 2007, from Joseph Hull—counsel for Defendant—to Plaintiff's counsel, Richard Foster. The purpose of the letter is to update Plaintiff on new events affecting the parties to this lawsuit. [Docket No. 74, Exhibit Boeckman 2]. The letter addresses a potential investigation by the Oklahoma Securities Commission. Based on information from Mr. McCord's securities counsel, Mr. Hull states

that "a subpoena is expected to be issued[1] to [Mr. McCord] in his capacity as an officer and director of the firm at any time." [Docket No. 74, Exhibit Boeckman 2]. Mr. Hull adds that "[t]he investigation is apparently focused upon the involvement of Mr. Boeckman in the operations of Avondale and will include what knowledge the officers and directors had of the extent of the involvement." [Docket No. 74, Exhibit Boeckman 2].

The third document is an email dated February 21, 2007, from Mr. McCord to Peter Chiappetta—a Portfolio Relationship Associate for Laurus Capital Management LLC. [Docket No. 74, Exhibit Boeckman 3]. In this email, Mr. McCord states that "Boeckman has crossed the line regarding affiliate status (my opinion). [I am] having [a] review done by 2 different attorneys. I have notified [Boeckman] of investigation we are making and he is beginning to take steps in removing me from the Trust and then I will be voted out." [Docket No. 74, Exhibit Boeckman 3]. The email further claims that

> Boeckman has demonstrated fraudulent activity by assigning the company leases that were fraudulently altered (we have proof of this from Chesepeake Energy). . . . [Boeckman] has violated his sworn affidavit to the Company that he had no interest in shares belonging to Melody, but yet we caught him in a share transaction at NST with his signature and letter to NST controlling a transaction concerning her shares and transferring them to other entities/persons.

[Docket No. 74, Exhibit Boeckman 3].

The above documents contain opinions relating to potential securities violations on the part of Boeckman, and the potential investigation of Boeckman by the Oklahoma Securities Commission. The documents do not come from anyone, however, with the authority to criminally prosecute Boeckman. As a result, this Court holds that Boeckman

---

[1] As of the hearing before this Court on June 19, 2007, the subpoena had not been issued.

is not confronted with a substantial and real risk of incrimination.

In light of the foregoing, the Court finds that Boeckman should not have refused to answer the deposition questions pursuant to his Fifth Amendment privilege in connection with this case. The Court grants Plaintiff's Motion to Compel Deposition Testimony from Prisoner Robert Brian Boeckman. [Docket No. 65]. The Court orders Boeckman to answer the deposition questions that he refused to answer on Fifth Amendment grounds, as well as any follow up or related questions.

The court finds the case cited by Boeckman, *United States v. Groover*, 957 F.2d 796 (10th Cir. 1992), of little help since it does not deal with the party's assertion of the Fifth Amendment. The court finds *Mertsching v. United States*, 704 F.2d 505 (10th Cir. 1983), cited by Plaintiffs and the cases cited above to be of more help interpreting when the Fifth Amendment's protections are applicable.

The Court declines to rule on the question of whether the Court will instruct the jury that it may draw an adverse inference against Defendant due to Boeckman's invocation of the Fifth Amendment privilege. This question will not become ripe for consideration unless Boeckman fails to comply with this order at his upcoming deposition, at which time the issue must be reurged by the Plaintiff. Counsel for Plaintiff announced at the hearing that he was withdrawing his request that certain defenses or counterclaims be stricken to be reurged at a later date.

IT IS SO ORDERED THIS TWENTY-SIXTH DAY OF JUNE 2007.

Sam A. Joyner
United States Magistrate Judge