# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

DRAKEN GROUP, INC., successor-in-interest )
to BLUE LION VENTURES, LIMITED; THE )
DRAKEN FINANCIAL GROUP, LLC; EQUITY )
PLANNING SECURITIES CORPORATION )
d/b/a THE DRAKEN GROUP, INC.; and, THE )
DRAKEN GROUP, INC., )
                                                )    Case No. 06-CV-595-SAJ
        Plaintiffs, )
                                                )
vs. )
                                                )
AVONDALE RESOURCES CORPORATION, )
        Defendant. )

## OPINION AND ORDER

      Comes on for determination Defendant Avondale Resources Corporation's Combined Motions to Reconsider, to Dismiss, or in the Alternative, For a More Definite Statement [Dkt. #146] and Plaintiffs' Motion for Dismissal of Certain Plaintiffs [Dkt. #160], and the court, having considered the arguments and authorities of counsel presented in the filings and at hearing, finds as follows:

      Defendant Avondale Resources Corporation ("Avondale") asks the court to reconsider order entered on August 23, 2007 ("August order") [Dkt. # 127], in which the court granted Plaintiff's motion for joinder of additional parties plaintiff and Plaintiff's motion for leave to amend to include a prayer for reformation of the November 15, 2005 letter

1

agreement ("Agreement') which is the subject of this litigation.[1]

The August order also reopened discovery for the limited purpose of allowing Avondale to respond to the addition of the party plaintiffs and the prayer for reformation. Discovery was ultimately extended through January 25, 2008. Defendant moves to reconsider the August order based upon newly discovered evidence.

### I.  Defendant Avondale Resources Corporation's Combined Motions to Reconsider, to Dismiss, or in the Alternative, For a More Definite Statement

#### A.  Avondale's Motion to Reconsider

The August order in regard to allowing the addition of party plaintiffs was based upon Fed.R.Civ.P. 17(a) and the Tenth Circuit decision in *Esposito v. United States of America*, 368 F.3d 1271 (10th Cir. 2005), in which the circuit court noted that, when considering substitution of the real party in interest, "cases focus primarily on whether the plaintiff engaged in deliberate tactical maneuvering (i.e. whether his mistake was 'honest'), and on whether the defendant was prejudiced thereby." In moving to reconsider, Avondale urges there is newly discovered evidence that Plaintiffs herein did, in fact, engage in deliberate tactical chicanery and that Avondale is prejudiced as a result of that chicanery. Avondale presented a detailed chronology of events/transactions and the various entities and their principals, disclosed and undisclosed, which were involved in them. Avondale urged the court to find, as a matter of law, that Plaintiffs had engaged in deceptive practices with the intent to hide the true identity of the players from Avondale to its prejudice.

In regard to the issue of allowing amendment to add a prayer for reformation in the

---

[1] The Amended Complaint was filed by a singular plaintiff. The Second Amended Complaint names multiple plaintiffs.

August order,  Defendant's first argument is that reformation is an equitable claim which requires the proponent to have clean hands. There can be no subterfuge or fraud.

Plaintiff alleges that using the name of "Blue Lion Ventures, LLC " in the Agreement was a mistake or scrivener's error.  Defendant contests this assertion, contending that Plaintiffs intentionally replaced the word "Limited" with "LLC" following "Blue Lion Ventures" in the Agreement. This omission allowed Plaintiff Blue Lion Venture, Limited ("BLV Limited"), to hide the fact that Impact Equity, LLC ("Impact Equity") was a general partner of BLV Limited. Impact Equity had a prior contract with the Crown Exploration, LLC ("Crown"), for Impact Equity to act as financial advisor in connection with its "intended funding and/or financing, sale or other transfer, directly or indirectly and whether in one or a series of transactions, of all or a significant portion of the assets or securities of Crown".[2] Crown is wholly owned by its President, Brian Boeckman ("Boeckman").  Boeckman was also the controlling shareholder, through affiliated family interests, of Avondale.  Avondale was created as a public company into which Boeckman rolled oil and gas leases for which investor funding would be sought. Defendant urges that Boeckman used the different business entities to work both sides of the fence.

The court does not find sufficient evidence of subterfuge, fraud or unclean hands presented to require the court to reconsider its earlier decision to allow  the filing of an amended complaint which contains a prayer for reformation.   This finding does not prejudge whether Plaintiffs will or will not be ultimately be granted the reformation requested.  Defendant  may continue to pursue its  arguments of subterfuge, fraud or

---

[2] See February 18, 2005 letter agreement, Ex. 17, Plaintiff's Exhibit Notebook.

unclean hands in the convoluted dealings presented as a substantive defense to Plaintiff's amended complaint.

Defendant's second argument in support of the court reconsidering its order allowing the filing of the amended complaint is that BLV Limited doesn't exist. Allowing the Agreement to be reformed to substitute a legally nonexistent entity, BLV Limited, would be futile as there would still be no enforceable Agreement on which this litigation can proceed. In support of this argument, Defendant notes that the originally named general partner of BLV Limited, 2C Capital Partners, LLC, ("2C Capital") was never properly created as an LLC.

The court finds that there is sufficient evidence that BLV Limited exists to justify filing of the amended complaint for the following reasons.

(1) BLV Limited did have a valid general partner at the time the contract was signed, that being Impact Equity.

(2) There is evidence of good faith substantial compliance under Texas statutory law on corporate entities.

(3) There is evidence that BLV Limited was a de facto entity in that business was conducted under that name, including the filing of federal income tax returns.

Again, Avondale may continue to urge these defenses to the second amended complaint. Just because the court finds there is evidence is the record to support filing the complaint, does not indicate the court is prejudging the ultimate success of Plaintiffs' allegations.

### B. Avondale's Motion to Dismiss

For the reasons stated above, Avondale's motion to dismiss based upon failure to sign the Agreement, failure to sue in the name of the real party in interest and for lack of capacity to sue is denied.

Defendant also urges dismissal is warranted for failure of Plaintiffs to move to modify the caption of the case, for failure to separately number parties, and for failure to comply with Fed. R. Civ. P. 8.   The court declines to dismiss on the technical failures urged regarding the caption and failure to separately number parties.

### C. Avondale's Motion For More Definite Statement

Defendant moves alternatively that the court order Plaintiffs to make a more definite statement of the actual corporate relationships between the Plaintiffs.  The court finds the allegations as stated are sufficient under notice pleading.

### II. Plaintiffs' Motion for Dismissal of Certain Plaintiffs

Plaintiffs request that all named Plaintiffs be dismissed  except Blue Lion Ventures, Limited, a Texas limited partnership.  The court finds the motion should be granted without prejudice.  Plaintiff should be allowed to proceed with named plaintiff of its choice absent prejudice to Defendant. The court finds no prejudice to Defendant at this pleading stage.

### III. Conclusion

Defendant Avondale Resources Corporation's Combined Motions to Reconsider, to Dismiss, or in the Alternative, For a More Definite Statement [Dkt. #146] is denied as set forth herein. Plaintiffs' Motion for Dismissal of Certain Plaintiffs [Dkt. #160] is granted. Plaintiff is directed to file Amended Complaint reflecting dismissal of the additional party plaintiffs. The caption shall also be changed to name only the remaining party plaintiff.

The parties are to submit agreed proposed schedule for trial within twenty (20) days of the date of this order which should include date by which settlement conference should be set, month during which the parties propose trial should be scheduled and number of days trial is anticipated to last. The court will then issue an order establishing pretrial deadlines for submission of proposed voire dire and jury instructions; deposition, videotape, interrogatory, and/or admission designations; motions in limine; pretrial order and final pretrial, and any other dates deemed necessary to the proper submission of this action for jury trial.

IT IS SO ORDERED THIS 27TH DAY OF MAY, 2008.

Sam A. Joyner
United States Magistrate Judge