# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

BLUE LION VENTURES, LIMITED, a Texas limited partnership,

    Plaintiff,

vs.

AVONDALE RESOURCES CORPORATION,

    Defendant.

Case No. 06-CV-595-SAJ

**OPINION & ORDER**

Comes on for decision Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim [Dkt. #208], Plaintiff's Motion to Strike Defendant's Amended Counterclaim [Dkt. #209], Opposed Motion for Continuance of Trial and Pretrial Settings filed by Defendant [Dkt. #220], and Avondale's Motion to Reconsider Defendant's Oral Motion to Require Witnesses to Answer Deposition Questions Regarding the Crown Equity Agreement [Dkt. #223], and the court, having considered the argument and authorities presented in the filings and at hearing, finds as follows:

I. Plaintiff's Motion to Dismiss

Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim [Dkt. #208] is granted. Plaintiff filed Third Amended Complaint pursuant to the court's order entered May 27, 2008 [Dkt. #200], in which Plaintiff was allowed to dismiss previously added party

1

plaintiffs, leaving only Blue Lion Ventures, Limited, a Texas limited partnership ("Blue Lion") as named Plaintiff. The court allowed Third Amended Complaint based upon Plaintiff's request that the underlying agreement be reformed, due to scrivener's error or mistake, to reflect Blue Lion as the true party to the contract. No other amendment was made. Defendant filed Answer to the Third Amended Complaint on June 23, 2008 [Dkt.#203] which included previously asserted affirmative defenses and counterclaims for rescission.[1]

On June 24, 2008, Defendant filed Amended Answer [Dkt. # 204] and Counterclaim [Dkt. #205]. The June 24 Counterclaim adds John Calce ("Calce") and William B. Heyn ("Heyn") as parties, although it is unclear in what capacity.[2] It also adds six new counts on several alternative grounds, primarily fraud and breach of fiduciary duty.

Plaintiff seeks dismissal of the June 24 amendments to the Counterclaim.[3] First, Plaintiff asserts filing the Counterclaim was improper absent leave of court. In the alternative, Plaintiff moves to strike the newly added parties, counts and the background facts in support. Should the court allow the Counterclaim, Plaintiff alternatively asserts the allegations contained therein do not comply with the pleading specificity required under Fed.R.Civ.P. 9(b).[4]

---

[1] See Amended Answer filed on March 14, 2007, which also contained affirmative defenses and counterclaims for rescission.

[2] Defendant Heyn filed motion seeking additional time within which to file Rule 12 motion to dismiss, which was granted on September 25, 2008. Based upon the court's ruling herein, the issue is now moot.

[3] At hearing, Plaintiff stated it had no objection to going to trial on the June 23, 2008 Answer even though Plaintiff urged this too required leave of court to file.

[4] Based upon the court's ruling herein, this issue need not be addressed.

Defendant relies upon Fed.R.Civ. P. 15 (a)(1) in support of its position that leave of court is not required. The court concludes this rule is not applicable under the facts of this case.

Rule 15 (a)(1)(A) allows a party to amend its pleading once as a matter of course before being served with a responsive pleading. However, there is no provision under the federal rules for a responsive pleading to be filed to an answer.

Rule 15 (a)(1)(B) allows a party to amend its pleading within twenty (20) days after service of the pleading where no responsive pleading is allowed. But this provision applies only if the action is not yet on the trial calendar. The court finds this to be inapplicable as this case had been on the court's trial calendar since entry of scheduling order on January 8, 2007, in which trial was scheduled for August 20, 2007. The docket sheet reflects the somewhat tortured path the case has taken since entry of the scheduling order, and the trial date of August 20, 2007 was continued, first to other dates certain, and finally, to be set upon resolution of essential pretrial issues.[5] This was the status of the case as of the date the Counterclaim was filed, on June 24, 2008. Although a new trial date was not

---

[5] After entry of the scheduling order in January, 2007, certain pretrial dates were extended on March 14, 2007. The case remained set for jury trial on August 20, 2007. On July 3, 2007, the court extended the trial date to September 5, 2007. Pretrial conference and motion hearing was held on August 22, 2007, and the court ordered additional briefing and set a subsequent pretrial on October 10, 2007, necessarily suspending the September trial date. Due to a scheduling conflict, the court rescheduled the pretrial to October 17, 2007. On October 4, the court converted the pretrial conference to a status hearing. At the hearing, the court narrowed the issues and set additional hearing on November 20, 2007. November 20 hearing was held and further hearing was scheduled on December 10, 2007, due to the complicated issues which required pretrial resolution. Weather forced a continuance of the December 10 hearing until December 19, 2007. Additional issues continued to be raised and the court again held a motion hearing on April 22, 2008, which was continued to May 20, 2008, at the request of the parties. On May 27, 2008, the order was entered by the court which permitted Plaintiff to file the Third Amended Complaint, which triggered the current controversies.

scheduled at that time, it was clearly the court's intent that trial would closely follow the resolution of the pretrial issues. With limited exception, the majority of deadlines in the scheduling order, including the deadline for joinder of additional parties of March 16, 2007, expired months ago.[6]  The court therefore finds Rule 15 (a)(1)(B) does not apply.

Plaintiff urges amendment in cases in which a scheduling order has been entered are governed by Fed.R.Civ.P. 16.  Rule 16 requires leave of court.

Fed.R. Civ.P. 16(b)(4), the language and intent of which is incorporated into the court's scheduling orders, provides a schedule may be modified only for good cause and with the judge's consent.  LCvR. 7.2(I) provides the procedure by which a motion to amend or add parties must be filed.  No motion was filed in this case.

Defendant relies heavily on *Elite Entertainment, Inc. Khela Brothers Entertainment,* 227 F.R.D. 444 (U.S.D.C.E.D. Va. 2005), in support of its position that the filing of an amended complaint generates a right in the defendant to file an amended responsive pleading which does not require leave of court.  However, *Elite* makes clear that "[T]he moderate, and most sensible, view is that an amended response may be filed without leave only when the amended complaint changes the theory or scope of the case, and then, the breadth of the changes in the amended response must reflect the breadth of the changes in the amended complaint." Quoting prominent commentator Professor James Moore, the

---

[6]Though other dates were extended in the original scheduling order, the deadline for joinder was not. On August 14, 2008, well after the deadline for joinder had passed, Plaintiff filed Opposed Motion for Joinder of Party(s) and Opposed Motion to Amend. The motions were granted and the trial schedule extended. Defendant did not file motion to amend nor mention or propose a deadline be set for joinder of additional parties in Joint Status Report filed on June 16, 2008, which the court ordered to be submitted to allow the court to schedule the trial date.

4

*Elite* court added: "[n]ormally, a party responding to an amended pleading must 'plead in response' to the amended pleading, and must request leave of court if it wishes to add any new counterclaims in its response to the amended pleading."

There is no support in *Elite* or the other authority cited by Defendant for the right to name new parties to a lawsuit based on an amended complaint. Defendant's Counterclaim goes far beyond the breadth of changes in the Third Amended Complaint. All new allegations in the Counterclaim relate to Calce and Heyn.

Defendant alternatively urges leave of court is not required because the Counterclaim is compulsory under Fed.R.Civ.P. 13(a) and (h). Fed.R.CIv.P. 19 and 20 set forth the requirements for the joinder of compulsory and permissive parties. The court notes Defendant had filed a separate case against John Calce in this district, Case No. 08-CV-19, which raised virtually identical allegations as those in the Counterclaim in this case, on January 14, 2008. On June 27, 2008, three days after the fling of the Counterclaim, Avondale filed Notice of Dismissal [Dkt. # 8]. Apparently, Avondale did not consider the allegations to be compulsory when that case was filed. And the court does not find the requirements satisfied for the allegations to be compulsory or to make Calce or Heyn necessary or permissive parties at this time.

The addition of these two parties so late in the case would unduly delay and complicate the trial of this case. Discovery has long been over and the parties are well into trial preparation. At least one of the newly named parties seeks to urge jurisdictional and substantive defenses not common to the current Plaintiff which would cause further delay.

The court finds the addition of Calce and Heyn as parties should be denied and the Counterclaim should be dismissed as to the newly named allegations and parties. This

does not preclude Defendant from continuing to urge its arguments based upon subterfuge, fraud or unclean hands as a substantive defense to Plaintiff's Third Amended Complaint. The court's findings render the motion to strike moot.

## II. Avondale's Motion to Reconsider

Avondale filed Motion to Reconsider Defendant's Oral Motion to Require Witnesses to Answer Deposition Questions Regarding the Crown Equity Agreement [Dkt. #223]. The court finds the motion should be granted as follows:

The November 15, 2005 letter agreement at the center of this controversy reflects the parties being engaged to perform services for Avondale Resources Corporation are Blue Lion Ventures LLC and the Draken Financial Group. The agreement is signed: Blue Lion Ventures LLC by John V. Calce, Managing Director. Plaintiff's Third Amended Complaint prays that the agreement be reformed to identify the proper party as Blue Lion Ventures, Limited, a Texas limited partnership.

The general partner of Blue Lion Ventures, Limited, a Texas limited partnership is Impact Equity. The President of Impact Equity is John Calce. On February 18, 2005, Impact Equity became a party to an agreement with Crown Exploration, LCC ("Crown") under which Impact Equity was to seek and obtain financing for the development of oil and gas properties for Crown. Crown is owned by Brian Boeckman ("Boeckman"). Boeckman created Avondale and Crown (Boeckman) sold assets to Avondale. Under this scenario, Calce (Impact Equity) could be entitled to payment under both the Impact-Crown and the Blue Lion-Avondale agreements.

Defendant urges reformation of the November 15, 2005 agreement should be denied because of fraud. Defendant asserts the wrong name was used intentionally because, if

Blue Lion Limited had been shown as the party to the agreement, Impact Equity would have signed the agreement as the general/managing partner. Defendant asserts this would have revealed a conflict of interest in that it would have shown Calce to have an interest in acquisitions by Avondale under the Blue Lion agreement and an interest in sales from Crown to Avondale under the Impact Equity/Crown agreement. Avondale urges that had the conflict been known, it would have never signed the contract.

In this situation, it does appear that Calce may have had a conflict of interest which he may have had a duty to disclose. The court had previously disallowed questioning into this area. It now appears Defendant should be allowed discovery into that potential conflict.

The court has reviewed the excerpts from prior depositions of Calce, dated June 27, 2007 and of Heyn, dated June 15, 2007. It does appear that questions were asked about the Crown agreement. It does not appear that counsel for Avondale knew at that time that Impact Equity was the general partner of Blue Lion Limited or that Blue Lion Limited was the real party to the Avondale agreement.

The court concludes that discovery should be reopened for the very limited purpose of allowing Defendant to redepose Calce and Heyn and inquire about the Crown agreement, any conflict involving all parties and the knowledge of all parties regarding any conflict.

### III.  Motion for Continuance

Opposed Motion for Continuance of Trial and Pretrial Settings filed by Defendant [Dkt. #220] is granted. The court hereby enters the following schedule:

| | |
|---|---|
| 12/16/08 | Supplemental Depositions of John Calce and William B. Heyn (limited as set forth herein) |

| | |
|---|---|
| 12/28/08 | Motions in Limine |
| 12/28/08 | Deposition/Videotape/Interrogatory Designations (not filed of record) |
| 1/10/08 | Counter-Designations (not filed of record) |
| 12/28/08 | Transcripts Annotated with Objections (LCvR 30.1(c)) |
| 2/1/09 | Pretrial Order, Including Final Witness and Exhibit List with Objections |
| 2/5/09 | Voir Dire, Trial Briefs, Jury Instructions or Proposed Findings of Fact and Conclusions of Law |
| 2/12/09 | Final Pretrial Conference at 10:00 a.m. |
| 2/23/09 | Jury Trial at 9:30 a.m. |
| | Estimated Trial Time: 3-4 Days |

This schedule will govern the course of this case, and it may be altered only by an order of the court after a showing of good cause.

IT IS THEREFORE ORDERED, ADJUDGED AND DECREED THAT Plaintiff's Motion to Dismiss Defendant's Amended Counterclaim [Dkt. #208] is granted as to the newly raised allegations and newly named parties, Plaintiff's Motion to Strike Defendant's Amended Counterclaim [Dkt. #209] is rendered moot, Opposed Motion for Continuance of Trial and Pretrial Settings filed by Defendant [Dkt. #220] is granted as set forth herein, Avondale's Motion to Reconsider Defendant's Oral Motion to Require Witnesses to Answer Deposition Questions Regarding the Crown Equity Agreement [Dkt. #223] is granted as set forth herein, and Counter-Defendant John Calce's Unopposed Motion for Extension of Time [Dkt. #238] is rendered moot.

IT IS SO ORDERED this 21st day of November 2008.

Sam A. Joyner
United States Magistrate Judge