**UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **BLUE LION VENTURES, LIMITED,** a Texas limited partnership, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) CASE No. 06-CV-595-FHM ) |
| **AVONDALE RESOURCES CORPORATION,** | ) ) ) ) |
| Defendant. | ) ) |

### OPNION AND ORDER

Plaintiff's Motion in Limine [Dkt. 247] and Defendant's Motion in Limine [Dkt. 246] are before the Court for decision. The motions have been fully briefed and argument on the motions was heard during the pretrial conference on February 12, 2009.

### Plaintiff's Motion in Limine [Dkt. 247]

Plaintiff's Motion in Limine seeks to exclude the following six categories of evidence:

<u>Testimony or argument that Blue Lion had to orchestrate the acquisitions in order to be entitled to fees</u>:

The Court has concluded that the agreement at issue in this litigation is ambiguous and that both sides will be permitted to present evidence regarding the meaning of the disputed terms. This aspect of Plaintiff's Motion in Limine is therefore denied.

<u>Testimony by Mr. McCord regarding Plaintiff's performance of investment banking</u>:

The Court cannot resolve this objection on a Motion in Limine. Defendants will be permitted to attempt to lay a proper foundation for testimony by Mr. McCord

concerning Plaintiff's performance of investment banking. Plaintiff's Motion in Limine in this regard is denied.

Testimony related to the Dorado Exploration lawsuit:

At the pretrial conference, Defendant informed the Court that it only intended to introduce evidence that Mr. Calce of Blue Lion disclosed a confidential document from the Dorado litigation to the Defendant. Defendant argued that this action by Mr. Calce is evidence of his bad character.

Evidence of a person's character is generally inadmissible. Fed.R.Evid. 404(a). Moreover, evidence of other crimes, wrongs or acts is generally not admissible to prove character. Fed.R.Evid. 404(b). Defendant has not established any exception which would permit the introduction of this character evidence regarding Mr. Calce. This aspect of Plaintiff's Motion in Limine is therefore granted.

Arguments and documentary evidence as to settlement negotiations:

From the arguments presented at the pretrial conference, it appears that Plaintiff's motion is directed toward Defendant's Exhibits 24, 25, 26, 27, 28, 29 and 30, and is based on Fed.R.Evid. 408. That rule generally prohibits the introduction of evidence related to compromise or offers to compromise. Defendant contends the relevance of these exhibits is that they show the name Blue Lion Ventures LLC being used by Plaintiff and are additional evidence that use of the name was not a mistake or scrivener's error.

Portions of Defendant's exhibits 25, 26, 27, 28 and 29 refer to an effort to compromise what Plaintiff contends it is owed under the agreement and those portions of the exhibits are inadmissible under Fed.R.Evid. 408. The Court will, however, permit

Defendant to redact the portions of the exhibits referring to compromise and admit the portions showing the name.

This aspect of Plaintiff's Motion in Limine is granted in part and denied in part.

<u>Hearsay testimony from Tom McCord</u>:

The testimony referenced in Plaintiff's Motion in Limine appears to be hearsay and at this stage, it does not appear that an applicable exception to the hearsay rule applies. This aspect of Plaintiff's Motion in Limine is therefore granted.

<u>Testimony from Attorney Mark Robertson</u>:

At the pretrial conference, Defendant informed the Court that Attorney Mark Robertson will not be called as a witness by the Defendant. This aspect of Plaintiff's Motion in Limine is therefore moot.

## **Defendant's Motion in Limine [Dkt. 246]**

Defendant's Motion in Limine sets forth eleven categories of evidence that Defendant seeks to exclude.

<u>Video-taped deposition of Robert Brian Boeckman</u>:

The video-taped deposition of Brian Boeckman was taken while Mr. Boeckman was in custody at the David L. Moss Criminal Justice Center. During the deposition, Mr. Boeckman was in a jail uniform and restrained. In response to all questions except his name and address, Mr. Boeckman asserted his Fifth Amendment privilege against self incrimination. Plaintiff asserts that Mr. Boeckman's testimony is relevant for several reasons set forth in Plaintiff's response while Defendant contends the testimony is irrelevant and unfairly prejudicial.

Initially, it must be kept in mind that at the video deposition, Mr. Boeckman did not testify to any facts or provide any substantive information. Instead, Mr. Boeckman invoked the Fifth Amendment and refused to testify. Plaintiff seeks to have the jury draw an adverse inference against Defendant from Mr. Boeckman's refusal to testify. However, Plaintiff doesn't specify how Mr. Boeckman's refusal to answer any particular questions would logically support an adverse inference against Defendant.

Additionally, showing Mr. Boeckman in a jail uniform and restrained would be unfairly prejudicial. Fed.R.Evid. 403. This aspect of Defendant's Motion in Limine is therefore granted.

Criminal convictions of Mr. Boeckman:

The criminal convictions of Mr. Boeckman are not relevant under Fed.R.Evid. 402 or admissible under Fed.R.Evid. 609(b). To the extent that there is any probative value to this evidence, it is substantially outweighed by the danger of unfair prejudice to the Defendant. Fed.R.Evid. 403. This aspect of Defendant's Motion in Limine is granted.

Personal history of Mr. Boeckman:

It is unclear exactly what evidence the Defendant seeks to exclude. In light of Mr. Boeckman's involvement in the original valuation of the oil and gas properties that were transferred and his involvement in the reformation of the agreements transferring the oil and gas properties, certain aspects of his personal relationships, current criminal charges and civil litigation may well be relevant based upon the evidence that is presented at trial. This aspect of Defendant's Motion in Limine is therefore denied.

<u>Defendant's failure to report under securities regulations</u>:

This evidence is not relevant under Fed.R.Evid. 402. Moreover, any probative value that this evidence might have is substantially outweighed by the potential confusion of the issues, misleading the jury and wasting the Court's time under Fed.R.Evid. 403. To the extent that Plaintiff is contending that this failure to report under the securities regulations is evidence regarding Mr. McCord's credibility or character, the evidence is not admissible under Fed.R.Evid. 404. This aspect of Defendant's Motion in Limine is granted.

<u>Investigations by securities regulatory agencies</u>:

This evidence is not relevant under Fed.R.Evid. 402 and any probative value of this evidence is substantially outweighed by the danger of confusion of the issues, misleading the jury and is a waste of the Court's time and therefore inadmissible under Fed.R.Evid. 403. This aspect of Defendant's Motion in Limine is granted.

<u>Assertion that the contract must be interpreted on behalf of Avondale through evidence of what Boeckman thought at the time of negotiations and/or execution thereof</u>:

The Court is unable to determine what evidence Defendant seeks to exclude based upon this category. This aspect of Defendant's Motion in Limine is denied.

<u>Assertions that Mr. McCord or Mr. Day or Defendant were involved in unlawful activities association with Mr. Boeckman</u>:

It is unclear exactly what evidence Defendant seeks to exclude. However, other crimes, wrongs or acts are generally not admissable. Fed.R.Evid. 404. This aspect of Defendant's Motion in Limine is granted.

<u>Witnesses' familiarity with criminal history background of Mr. Boeckman</u>:

Some aspects of Mr. Boeckman's criminal history or background may become relevant depending on the evidence introduced at trial. Therefore, this aspect of Defendant's Motion in Limine is denied.

<u>Whether decisions of Defendant were controlled by Mr. Boeckman</u>:

Evidence in this regard may be relevant depending upon the evidence introduced at trial. This aspect of Defendant's Motion in Limine is therefore denied.

<u>Failure of Avondale to report under pertinent securities regulations</u>:

This aspect of Defendant's motion appears to be a repeat of earlier categories.

<u>Evidence related to alleged damages in excess of pled in the Amended Complaint</u>:

Plaintiff is not limited to the precise amounts of damages sought in their Third Amended Complaint. This aspect of Defendant's Motion in Limine is therefore denied.

## **Conclusion**

Plaintiff's Motion in Limine [Dkt. 247] is Granted in Part and Denied in Part as set forth above. Defendant's Motion in Limine [Dkt. 246] is Granted in Part and Denied in Part as set forth above.

SO ORDERED this 19th day of February, 2009.

_____
FRANK H. McCARTHY
UNITED STATES MAGISTRATE JUDGE